## David N. Hanson, Appellee, v. Emma M. Smith, Executrix, Appellant.

### Gen. No. 19,356. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed June 15, 1914.

### Statement of the Case.

Proceeding for the allowance of a claim filed by David N. Hanson against the estate of Charles M. Smith, deceased, in the Probate Court, based upon a deficiency decree entered against the deceased in his lifetime in a foreclosure proceeding and after he had obtained a discharge in bankruptcy. The Probate Court allowed the claim against the estate for the sum of $2,454.30, as of the seventh class, to be paid in the course of administration. An appeal was taken to the Circuit Court by Emma M. Smith, executrix of the estate of the deceased, and the cause submitted to the court for trial without a jury. The Circuit Court found for the claimant, Hanson, sustaining the order of the Probate Court and assessed his damages at the sum of $2,487.58. To reverse a judgment entered on the finding, the executrix appeals.

FREDERICK Z. MARX, for appellant.

GEORGE R. JENKINS, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. BANKRUPTCY, § 74*—*when defense of discharge waived.* Where a maker of notes secured by a trust deed obtained a discharge

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

in bankruptcy without the holder of the notes having notice of the bankruptcy proceedings, *held* that a deficiency decree entered against him in a suit to foreclose the trust deed was valid and properly allowed against his estate, it appearing that he was duly served with summons in the foreclosure suit but did not appear and plead his discharge and no appeal was taken from the deficiency decree.

2. BANKRUPTCY, § 74*—*when defense of discharge must be made to deficiency decree in foreclosure suit.* Where a maker of notes secured by a trust deed subsequently obtains a discharge in bankruptcy, a deficiency decree may be entered against him in a suit to foreclose the trust where he fails to plead his discharge as a defense in the first instance, and it is not necessary to give him notice and an opportunity to plead such defense after the foreclosure sale and before the deficiency decree is entered, where the bill prayed for a deficiency decree in case the proceeds of the sale were insufficient.